IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

HARTFORD INSURANCE COMPANY, a  )
Connecticut Corporation,        )
                                )
       Plaintiff,              )   Civil Case No. 05-1634-KI
                                )
  vs.                           )   OPINION AND ORDER
                                )
G.B. TRONE BUILDING, INC., an   )
Oregon Corporation and KENT'S   )
PLUMBING, a Washington Corporation, )
                                )
       Defendants.             )
                                )

      William E. Pierson, Jr.
      1601 Fifth Avenue, Suite 2500
      Seattle, Washington 98101

          Attorney for Plaintiff

      Thomas M. Christ
      Christine Coers-Mitchell
      Shelly M. Damore
      Cosgrave Vergeer Kester LLP
      805 S.W. Broadway, 8th Floor
      Portland, Oregon 97205

Page 1 - OPINION AND ORDER

Robert S. May
Smith Freed & Eberhard, P.C.
1001 S.W. Fifth Avenue, Suite 1700
Portland, Oregon  97204

    Attorneys for Defendants

KING, Judge:

Plaintiff Hartford Insurance Company brought claims against defendants contractor G.B. Trone Building Inc. and subcontractor Kent's Plumbing.  After a jury verdict was entered against Kent's Plumbing and in favor of G.B. Trone, G.B. Trone filed a Motion for Summary Judgment (#93) on its cross-claim for common law indemnity against Kent's Plumbing to recover its attorney fees and costs in defending the action.

## BACKGROUND

The parties have agreed on the following facts:

Hartford Insurance Company filed a complaint on October 27, 2005, naming both G.B. Trone and Kent's Plumbing as defendants.  Plaintiff's complaint alleges that a waterline break occurred at a dental clinic as a result of an improperly placed water heater, that damages were sustained, that Kent's Plumbing was negligent in installing the water heater, and that G.B. Trone breached its contract and was negligent in its oversight of the installation of the water heater.

G.B. Trone answered plaintiff's complaint on December 20, 2005, denying responsibility.

On December 15, 2006, Kent's Plumbing sent correspondence to plaintiff's attorney and G.B. Trone stating that Kent's Plumbing would not be contesting liability for the waterline break for purposes of this litigation.

On February 9, 2007, G.B. Trone asked Kent's Plumbing to accept tender of its defense. The tender letter stated that should it not be accepted, G.B. Trone would be seeking recovery of all costs and attorney fees incurred in defending against plaintiff's action. Kent's Plumbing never accepted the tender of defense.

G.B. Trone filed a motion for leave to amend its answer and add a cross-claim of indemnity against Kent's Plumbing. The Court granted the motion on May 7, 2007, but segregated the cross-claim to be heard subsequent to the trial on the underlying claims. G.B. Trone filed an amended answer to plaintiff's complaint with a cross-claim of indemnity against Kent's Plumbing on May 14, 2007.

Plaintiff tried its claims to a jury between May 15 and May 18, 2007. The three claims were: the amount of damages Kent's Plumbing caused; whether G.B. Trone was obligated under its contract with plaintiff's insured to supervise Kent's Plumbing's work and whether G.B. Trone breached that contract; and whether G.B. Trone owed plaintiff's insured a common law duty to supervise Kent's Plumbing's work and, if so, whether G.B. Trone was negligent in failing to do so.

Kent's Plumbing admitted both at deposition and at trial that it was responsible for installing the hot water heater in accordance with standard practices and that it failed to do so.

The jury found Kent's Plumbing solely liable to plaintiff and returned a verdict in favor of G.B. Trone on all claims against it.

G.B. Trone incurred costs and attorney fees in defense of plaintiff's action in an amount to be proven at a later date.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. Universal Health Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

## DISCUSSION

There are no material issues of fact. The sole legal issue is whether Kent's Plumbing must pay G.B. Trone's costs and attorney fees pursuant to G.B. Trone's cross-claim for indemnity.

In order to prevail on its cross-claim, G.B. Trone must show "that it was sued, [that it] reasonably incurred costs in defending[,] and that, as between it and the putative indemnitor, the indemnitor should bear the burden of the defense." PGE v. Construction Consulting Associates, 57 Or. App. 116, 120, 643 P.2d 1334 (1982); see also M.L. Kauth, Inc. v. Lyon, 116 Or. App. 216, 218, 840 P.2d 730 (1992) (holding same); Martin v. Cahill, 90 Or. App. 332, 336, 752 P.2d 857 (1988) (same).

G.B. Trone contends that the three criteria for indemnity of defense costs are met here: it was sued, it incurred defense costs, and Kent's Plumbing should pay G.B. Trone's defense costs because Kent's Plumbing admitted fault and the jury found G.B. Trone not responsible.

Relying on Moore Excavating, Inc. v. Consolidated Supply Co., 186 Or. App. 324, 328-29, 63 P.3d 592 (2003), Kent's Plumbing argues that the relevant three-factor test is different from the one suggested by G.B. Trone. In that case, the court explained that indemnity is warranted if "(1) [plaintiff] has discharged a legal obligation owed to a third party; (2) the defendant was also liable to the third party; and (3) as between the plaintiff and the defendant, the obligation ought to be discharged by the defendant." 186 Or. App. 328-29.

The criteria set forth in Moore, however, apply in cases of general indemnity, as opposed to indemnity for defense costs. The court in Moore explained the difference, relying on its earlier decision in PGE, as follows:

> Specifically, in PGE, the indemnity plaintiff had successfully defended a suit brought by a third party. In seeking indemnity, the plaintiff maintained that, consistently with its successful defense of the underlying action, it was not liable to the third party. Relying on that assertion, the defendant argued that the plaintiff had to prove that it and the defendant had a common liability to the third party. Because the plaintiff denied any liability, it could not prove that element of its indemnity claim. We concluded that, in a case where the indemnity plaintiff denied liability to the third party but nevertheless incurred costs in defending against that claim, it was enough to show that "it was sued, reasonably incurred costs in defending and that, as between it and the putative indemnitor, the indemnitor should bear the burden of the defense." In other words, '[i]n an indemnity action seeking *defense costs*, the plaintiff is not required to prove that it was actually liable to the third party.'

Moore, 186 Or. App. at 331 (quoting PGE, 57 Or. App. at 120) (emphasis added by Moore).

Kent's Plumbing tries to distinguish the cases upon which Trone relies. In PGE, the party seeking indemnification defended the indemnity defendant in the underlying action. Accordingly, the indemnity defendant benefitted from the defense provided by the indemnity plaintiff. Here, G.B. Trone did not defend Kent's Plumbing because Kent's Plumbing admitted liability. Similarly, in both M.L. Kauth and Martin v. Cahill, the indemnity defendants denied

Page 5 - OPINION AND ORDER

liability, compelling the indemnity plaintiff to mount a defense against the third party's allegations. Kent's Plumbing also argues that G.B. Trone took the position at trial that it was not liable for Kent's Plumbing's negligence so that, unlike the indemnity plaintiff and indemnity defendant in PGE, the parties did not face a common liability.

Kent's Plumbing has not offered a viable basis on which to distinguish these cases. With regard to Kent's Plumbing's argument that G.B. Trone conferred no benefit on Kent's Plumbing, I note that no benefit is required. Nevertheless, as G.B. Trone argues, "Indemnity is *fair* in this case *because* Trone said it was not liable, and the jury agreed, even though Kent's admitted being solely liable and refused to defend Trone." Reply Mem. at 6 (emphasis in original).

As for Kent's Plumbing's argument that G.B. Trone and Kent's Plumbing did not share a common liability, as I quoted at length above, Moore made it clear that G.B. Trone need not prove that it and Kent's Plumbing shared a common liability. Just as in PGE, the claims alleged against G.B. Trone and Kent's Plumbing were based on common liability–negligence on the theory that both failed to exercise due care in the installation of the water heater. The contract claim is not really any different–much like the negligence claim, the contract claim alleged that G.B. Trone had a "duty to oversee and insure that the work done by all subcontractors was completed in a good and workmanlike manner in the course of constructing the Building." Complaint ¶ 4.2. Accordingly, Kent's Plumbing fails to adequately distinguish PGE, M.L. Kauth and Martin.

I find that G.B. Trone has demonstrated it was sued, it reasonably incurred costs in defending the suit, and Kent's Plumbing should bear the burden of the defense. Just as the court in M.L. Kauth concluded, because the jury found that Kent's Plumbing was "wholly responsible"

for the injury to Hartford's insured, Kent's Plumbing is required to indemnify G.B. Trone for attorney fees and costs in defending against Hartford's claim. See 116 Or. App. at 118.

## CONCLUSION

For the foregoing reasons, G.B. Trone's Motion for Summary Judgment (#93) is GRANTED. If the parties are able to come to an agreement on the amount of fees and costs, G.B. Trone should so advise the Court. Otherwise, within fourteen (14) days of this Opinion and Order, the parties should request a telephone conference with the Court to discuss how to resolve the issue. Judgment will be entered in favor of G.B. Trone against Kent's Plumbing once the amount of fees and costs has been determined.

IT IS SO ORDERED.

Dated this      10th      day of October, 2007.

      /s/ Garr M. King  
      Garr M. King  
      United States District Judge