IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| HARTFORD INSURANCE COMPANY, a Connecticut Corporation,<br><br>              Plaintiff,<br><br>  vs.<br><br>G.B. TRONE BUILDING, INC., an Oregon Corporation and KENT'S PLUMBING, a Washington Corporation,<br><br>              Defendants. | Civil Case No. 05-1634-KI<br><br>OPINION AND ORDER ON ATTORNEYS FEES |

William E. Pierson, Jr.
1601 Fifth Avenue, Suite 2500
Seattle, Washington 98101

        Attorney for Plaintiff

Thomas M. Christ
Christine Coers-Mitchell
Shelly M. Damore
Cosgrave Vergeer Kester LLP
805 S.W. Broadway, 8th Floor
Portland, Oregon 97205

Page 1 - OPINION AND ORDER ON ATTORNEYS FEES

Robert S. May
Marian Patricia Nation
Smith Freed & Eberhard, P.C.
1001 S.W. Fifth Avenue, Suite 1700
Portland, Oregon  97204

    Attorneys for Defendants

KING, Judge:

Plaintiff Hartford Insurance Company brought claims against defendants contractor G.B. Trone Building Inc. and subcontractor Kent's Plumbing.  A jury verdict was entered against Kent's Plumbing and in favor of G.B. Trone.  I granted G.B. Trone's Motion for Summary Judgment on its cross-claim for common law indemnity against Kent's Plumbing to recover its attorney fees and costs in defending the action.  Before the court is Kent's Plumbing's Objections to G.B. Trone's Attorney Fee Statement (#106).

## LEGAL STANDARDS

In addressing a petition for attorney fees, the court must first determine the "lodestar" amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate.  Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), amended on other grounds, 108 F.3d 981 (1997).  In determining what constitutes a reasonable fee, the district court should consider the factors specified in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976).  The factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5)

the customary fee, (6) whether the fee is fixed or contingent,[1] (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Morales, 96 F.3d at 363 n.8.

Next, the court must consider the necessity of adjusting the lodestar amount, based on the Kerr factors not already subsumed in the lodestar calculation. Id.. at 363-64.

There is a strong presumption, however, that the lodestar amount is a reasonable fee and should only be enhanced in "rare and exceptional cases." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986).

## DISCUSSION

Kent's Plumbing objected to G.B. Trone's attorney fees on four grounds: G.B. Trone is not entitled to attorney fees for pursuing its common law indemnity claim; the hourly rates are excessive; counsel spent more time than was necessary; and counsel improperly used block billing.

After reviewing the arguments of the parties, I conclude that G.B. Trone may recover reasonable fees incurred in pursuing its common law indemnity claim against Kent's Plumbing. The case upon which Kent's Plumbing relies does not address the issue, Martin v. Cahill, 90 Or. App. 332, 752 P.2d 857 (1988), and it is logical that G.B. Trone should be made whole when Kent's Plumbing caused the loss by refusing G.B. Trone's tender of defense.

---

[1]Although "whether the fee is fixed or contingent" is listed as a factor, the Supreme Court subsequently held that enhancing a fee award on account of contingency is improper. See City of Burlington v. Dague, 505 U.S. 557 (1992); Davis v. City and County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

Page 3 - OPINION AND ORDER ON ATTORNEYS FEES

In addition, I find G.B. Trone's counsel's rates, of $190 and $250, as well as the total hours expended, to be reasonable. G.B. Trone's counsel had to be prepared to defend and had to participate in the trial. Furthermore, Kent's Plumbing's objections are general and do not identify which time entries should be excluded. Finally, block billing is frowned upon, but I accept G.B. Trone's counsel's explanations for the handful of entries where they used block billing.

In sum, I award G.B. Trone its full attorney fee request, in the amount of $80,846.65.

IT IS SO ORDERED.

Dated this     5th     day of December, 2007.

    /s/ Garr M. King
Garr M. King
United States District Judge